## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. _____**

**ASHLEY COLEMAN,**
**GILLIAN MERSHON, and**
**JOHN MERSHON, individually, and**
**on behalf of all others similarly situated**

     **Plaintiffs,**

**v.**

**BRENDON LOCHERT,**

     **Defendant.**

---

### INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT

---

The Plaintiffs, Ashley Coleman, Gillian Mershon, and John Mershon, by counsel at the Sawaya and Miller Law Firm, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of themselves and all others similarly situated, as their Individual and FLSA Collective Action Complaint against the Defendant, Brendon Lochert, state as follows:

### I.     NATURE OF ACTION

1.     In this individual and collective action, Plaintiffs Ashley Coleman, Gillian Mershon, and John Mershon ("Plaintiffs") allege that Defendant Brandon Lochert ("Lochert"), was one of their "employers" as defined under the Fair Labor Standards Act ("FLSA"), and that

he violated the FLSA by failing to pay Plaintiffs and other similarly-situated workers the federal minimum wage and overtime compensation for hours that they worked.

2.    Lochert is an Arizona resident who conducted business within the State of Colorado managing, running, owning and controlling over one dozen urgent care (medical) centers operating under the name "Metro Urgent Care."

3.    On or around October 1, 2019, Metro Urgent Care filed for bankruptcy protection within the federal Bankruptcy Court in Denver, Colorado. This action does not involve the debtor in that case or any related cases (styled as I*n re UCXTRA Services Colorado, LLC, DBA Metro Urgent Care, FKA Urgent Care Extra – Colorado LLC*, Case No. 19-18509-MER). The Plaintiffs bring their claims in this action against Lochert individually in his role as an "employer" under the FLSA.

4.    Plaintiff Ashely Coleman ("Coleman") was employed by Lochert as an X-ray technician from September 2018 to August 2019. She was an hourly employee who by agreement with her employer was entitled to an hourly wage of $20.00 per hour for the hours she worked at or under 40 per week and overtime compensation of $30.00 per hour for hours over 40 per week.

5.    Lochert failed to compensate Coleman for 80 hours of non-overtime work and at least 32 hours of overtime she worked during the period from July 15, 2019 to August 1, 2019.

6.      Plaintiff Gillian Mershon ("G. Mershon") was employed by Lochert as a Physician's Assistant from June 2017 to August 1, 2019. She was an hourly employee who by agreement with her employer was entitled to an hourly wage of $55.00 per hour for the hours she worked at or under 40 per week. Under the FLSA, G. Mershon was entitled to overtime compensation of $82.50 per hour for hours over 40 per week.

7.      Lochert failed to compensate G. Mershon for at least 110.967 hours of work she performed during the period from July 15, 2019 to August 1, 2019, including at least 4 hours of overtime. Lochert also failed to pay G. Mershon overtime compensation for the hours over 40 per week she worked from June 2017 to August 1, 2019, which she estimates was approximately 225 hours.

8.      Plaintiff John Mershon ("J. Mershon") was employed by Lochert as a Physician's Assistant from June 2017 to August 1, 2019. He was an hourly employee who by agreement with his employer was entitled to an hourly wage of $60.00 per hour for the hours he worked at or under 40 per week. Under the FLSA, J. Mershon was entitled to overtime compensation of $90.00 per hour for hours over 40 per week.

9.      Lochert failed to compensate J. Mershon for at least 149 hours of work he performed during the period from July 15, 2019 to August 1, 2019, including at least 29 hours of overtime. Lochert also failed to pay J. Mershon overtime compensation for the hours over 40 per week he worked from June 2017 to August 1, 2019, which he estimates was approximately 500 hours.

10.     There are at least 60 individuals who were employed by Lochert who were not paid any wages or overtime compensation for the hours they worked during the period from July 15, 2019 to August 1, 2019. These similarly-situated employees ("Collective 1 Members") were all terminated by Lochert on or about August 2, 2019 when Defendant closed at least 7 of his medical centers where the above-described employees worked.

11.     There are at least 27 employees of Lochert who, like G. Mershon and J. Mershon, were paid on an hourly basis but were not paid overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours the worked over 40 per week during the period relevant to this Complaint ("Collective 2 Members").

12.     Plaintiffs bring this action on behalf of themselves and all of the Members of Collectives 1 and 2 ("Collective Members") to recover unpaid federal minimum wages, overtime compensation liquidated damages, reasonable attorney's fees and costs.

## II.     PARTIES

13.     Plaintiff Coleman is a citizen of the United States of America and a resident in the Commonwealth of Virginia. The address of her counsel, the Sawaya & Miller Law Firm, is 1600 Ogden Street, Denver, Colorado 80218.

14.     Plaintiffs G. Mershon and J. Mershon are citizens of the United States of America and residents of the State of Colorado. The address of their counsel, the Sawaya & Miller Law Firm, is 1600 Ogden Street, Denver, Colorado 80218.

15.     At all times relevant to this Complaint, Plaintiffs and the Collective Members were employed by Defendant, Lochert, who was their "employer" as defined by the FLSA.

16.     Defendant Brendon Lochert is a citizen of the United States of America and a resident of the Phoenix area in the State of Arizona. At all times relevant to this Complaint, Lochert managed, ran, owned, operated, and/or controlled seven or more urgent care (medical) centers operating under the name "Metro Urgent Care" in the State of Colorado.

17.     Defendant's principal place of business in Colorado is or was 3091 South Jamaica Court, Aurora, Colorado 80014. His principal place of business in Arizona is or was 1660 North Higley Road, Suite 103, Gilbert, AZ 85234.

## III.     JURISDICTION AND VENUE

18.     This Court has original jurisdiction over Plaintiffs' individual and collective claims (Counts I and II) under 28 U.S.C. § 1332 because Plaintiffs are citizens of Virginia and Colorado, Lochert is a citizen of Arizona, and this matter involves a controversy in excess of $75,000. Additionally, under 28 U.S.C. § 1331, this matter involves claims under the FLSA, a duly enacted law of the United States.

19.     Venue is proper before this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the FLSA claims made herein occurred in Colorado where Plaintiffs and those similarly situated to Plaintiffs resided and worked and where Defendant Lochert employed Plaintiffs and the Collective Members.

//

//

## IV.   FACTUAL ALLEGATIONS

### A.   GENERAL ALLEGATIONS

20.   Defendant is an employer who, during the period relevant to this Complaint, managed, ran, owned, operated, and controlled urgent care (medical) centers including locations that were referenced as Arapahoe, Gartrell, Lafayette, Lewis, Monaco, Quebec, South Parker, Wadsworth Boulevard, 120th Avenue, 144th Avenue, and other locations ("the Centers").

21.   At all times relevant to this Complaint, Lochert, the Plaintiffs, and the Collective Members were engaged in interstate commerce at the Centers. The tools and technology they used in their work at the Centers were items that moved across state lines.

22.   At all times relevant to this Complaint, Lochert did business of more than $500,000.00 per year.

23.   Coleman was employed by Lochert as an X-ray technician from September 2018 to August 2019.

24.   Coleman worked at the Lafayette Center.

25.   Coleman was an hourly employee who by agreement with her employer was entitled to an hourly wage of $20.00 per hour for the hours she worked under 40 per week and overtime compensation of $30.00 per hour for hours over 40.

26.     Lochert did not pay Coleman anything for 80 hours of non-overtime work that she performed during the period from July 15, 2019 to August 1, 2019.

27.     Nor did Lochert pay Coleman anything for at least 32 hours of overtime work that she performed during the same period.

28.     G. Mershon was employed by Lochert as a Physician's Assistant from June 2017 to August 1, 2019.

29.     G. Mershon worked at the Center on 144th Avenue, and sometimes floated to other Centers.

30.     G. Mershon was an hourly employee who by agreement with her employer was entitled to an hourly wage of $55.00 per hour for the hours she worked at or under 40 per week.

31.     G. Mershon was entitled to overtime compensation of $82.50 per hour for hours she worked over 40 per week.

32.     Lochert did not pay G. Mershon anything for at least 110.967 hours of work she performed during the period from July 15, 2019 to August 1, 2019.

33.     During her employment, G. Mershon worked more than 40 hours per week on many occasions. She worked approximately 225 hours of overtime.

34.     Instead of paying G. Mershon overtime compensation at a rate of one and one-half times her regular rate of pay for hours she worked over 40, however, Lochert paid her only her regular rate of pay.

35.     G. Mershon worked at least 4 hours of overtime during the period from July 15, 2019 to August 1, 2019, for which she was paid nothing.

36.     J. Mershon was employed by Lochert as a Physician's Assistant from June 2017 to August 1, 2019.

37.     J. Mershon first worked primarily at the Center on 120th Avenue, but later moved to the Wadsworth Center.

38.     Throughout his employment, J. Mershon often floated to the other Centers, and observed that the policies and procedures that form the basis of this Complaint were uniform among all of the Centers that were owned and managed by Lochert.

39.     J. Mershon was an hourly employee who by agreement with his employer was entitled to an hourly wage of $60.00 per hour for the hours he worked at or under 40 per week.

40.     J. Mershon was entitled to overtime compensation of $90.00 per hour for hours he worked over 40 per week.

41.     Lochert did not pay J. Mershon anything for at least 149 hours of work he performed during the period from July 15, 2019 to August 1, 2019.

42.     Throughout his employment with Lochert, J. Mershon consistently worked more than 40 hours per week. He worked approximately 500 hours of overtime.

43.     Instead of paying J. Mershon overtime compensation at a rate of one and one-half times his regular rate of pay for hours he worked over 40, however, Lochert paid him only her regular rate of pay.

44.     J. Mershon worked at least 29 hours of overtime during the period from July 15, 2019 to August 1, 2019, for which he was paid nothing.

45.     During their employment, Plaintiffs observed that other employees, who were incorrectly classified by Lochert as being exempt from the overtime requirements of the FLSA ("Collective 2 Members"), regularly worked more than 40 hours per week, as did Plaintiffs.

46.     There are at least 60 Collective Members who, like Plaintiffs, were employed by Lochert and were not compensated for their work and overtime work during the period from July 15, 2019 to August 1, 2019.

47.     There are at least 27 Collective 2 Members who, like G. Mershon and J. Mershon, were paid on an hourly basis and were not paid overtime compensation for hours that they worked over 40 per week during the period from November 14, 2016 to the present.

48.     At all times relevant to this Complaint, Lochert was an "employer" of Plaintiffs, as defined by the FLSA, because he managed, ran, owned, operated, and/or controlled the Centers. For example:

> a)  Lochert represented himself to be the owner and "boss" of all of the Centers in communications with Plaintiffs and Collective Members;

b) Lochert retained the ultimate power to control the work conditions and the day-to-day operations of the Centers;

c) Lochert regularly visited the Centers and personally instructed Collective Members as to the Defendant's employment rules, policies, and procedures;

d) Lochert was personally involved in deciding the amounts, method(s), and timing of wage payments to the Collective Members.

e) Lochert told Plaintiffs and Collective Members that he had established a "formula" for the day-to-day operation and procedures of the Centers; he had established this "formula" while he was managing medical and/or other businesses in other states; and he intended to fully implement and apply the same "formula" to his Colorado-located Centers;

f) Lochert's business policies and procedures were unique among urgent care medical centers in Colorado, and his preferences with regard to the operation and procedures to be utilized at the Centers could be observed in all of the Centers;

g) As one example, Lochert required employees who were sitting when a patient entered one of his Centers to stand as they greeted the

patient. Failing to do so could have negative consequences for any Collective Member who did not follow the procedure;

h) Lochert told J. Mershon, in the presence of two other Collective Members, that he would conduct "test" phone calls to observe whether Center employees were abiding by the appropriate policies and procedures, and that employees who did not do so would be terminated;

i) Lochert regularly instructed Collective Members during his visits that they should remember that there were cameras within the workplace so he could check to make sure that they were following the work rules that he had established and/or been substantially involved in establishing;

j) In sworn documents filed in the federal Bankruptcy Court, Lochert represents that he is the "Manager" of the Metro Urgent Care Centers;

k) As the Manager, Lochert had the ultimate authority and power to hire and fire employees and to supervise their work and conditions of employment, conditions of employment, to maintain their employment records and to determine their rates of pay and the method of their payment.

## COLLECTIVE ALLEGATIONS

49.     Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b) on behalf

of themselves and the following Collective 1 Members:

> **All individuals who were employed by Lochert at the Centers in
> Colorado and performed work during the period from July 15,
> 2019 to August 1, 2019 and who during that time were not paid
> their earned minimum wage and/or overtime.**

50.     The Members of Collective 1 are "similarly situated" under the FLSA because they

were all subject to the same policy, practice or procedure, i.e., Lochert's failure to

compensate them for the work they performed from July 15, 2019 to August 1, 2019.

51.     Plaintiffs also bring this case as a collective action under 29 U.S.C. § 216(b) on

behalf of Collective 2, which consists of:

> **All individuals who were employed by Lochert as hourly
> employees at the Centers in Colorado who were paid their regular
> rates of pay for hours worked over 40 during one or more weeks
> during the period from November 14, 2016 to the present.**

52.     The Members of Collective 2 are similarly situated because they were all subject to

the same policy, practice or procedure, i.e., they were all paid their regular rates of pay for

overtime work in violation of the FLSA.

53.     Notice should issue to the Collective Members describing the claims herein and allowing them a reasonable time as determined by the Court within which to opt in to this action.

54.     The Plaintiffs have consented to join this action, and their Consents to Join are attached hereto as Exhibit 1.

## COUNT I:

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 206, 216(b)

55.     Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

56.     At all times relevant to this Complaint, Defendant was an "employer" of Plaintiffs and the Collective Members as defined by the FLSA. 29 U.S.C. § 203(d).

57.     At all times relevant to this Complaint, Defendant, Plaintiffs, and the Collective Members were engaged in commerce and in an enterprise engaged in commerce. 29 U.S.C. §§ 203(b) and (s).

58.     At all times relevant to this Complaint, Plaintiffs and the Collective Members were "employees" of Lochert as defined by the FLSA. 29 U.S.C. § 203(e).

59.     The FLSA requires an employer to pay its employees at least the federal minimum wage of $7.25 per hour for all of the hours worked by the employees. 29 U.S.C. § 206.

60.     Coleman worked 80 hours of non-overtime for Lochert during the period from July 15, 2019 to August 1, 2019, for which Lochert paid her nothing.

61.     Coleman is entitled to minimum wages of $580.00, plus liquidated damages doubling that amount, for the non-overtime work she performed from July 15, 2019 to August 1, 2019.

62.     G. Mershon worked at least 106.967 non-overtime hours for Lochert during the period from July 15, 2019 to August 1, 2019, for which Lochert paid her nothing.

63.     G. Mershon is entitled to minimum wages of $775.50, plus liquidated damages doubling that amount, for the non-overtime work she performed from July 15, 2019 to August 1, 2019.

64.     J. Mershon worked at least 120 non-overtime hours for Lochert during the period from July 15, 2019 to August 1, 2019, for which Lochert paid him nothing.

65.     J. Mershon is entitled to minimum wages of $870.00, plus liquidated damages doubling that amount, for the non-overtime work he performed from July 15, 2019 to August 1, 2019.

66.     Like Plaintiffs, the Collective 1 Members performed work for Lochert during the period from July 15, 2019 and were not paid for their work.

67.     Lochert's actions toward Plaintiffs and the Collective Members violated the FLSA.

68.     Plaintiffs and the Collective Members are entitled to unpaid federal minimum wages of $7.25 per hour for the hours they worked at or under 40 hours per week during the period

from July 15, 2019 to August 1, 2019, liquidated damages, reasonable attorney's fees, and

the costs of this action based on Lochert's violations of the FLSA. 29 U.S.C. § 216(b).

## COUNT II:

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 207, 216(b)

69.     Plaintiffs hereby incorporate the allegations in each of the above paragraphs as

though fully set forth herein.

70.     The FLSA requires an employer to pay its employees overtime compensation at a

rate of one and one-half times the employees' regular rates of pay for all of the hours they

work in excess of 40 per week. 29 U.S.C. § 207.

71.     During the period from July 15, 2019 to August 1, 2019, Plaintiffs and other

Collective Members worked more than 40 hours per week, for which they were not

compensated.

72.     Coleman is entitled to $960.00 of overtime compensation for the 32 hours of

overtime she performed during the period from July 15, 2019 to August 1, 2019, plus

liquidated damages, reasonable attorney's fees, and the costs of this action.

73.     G. Mershon is entitled to $330.00 of overtime compensation for the 4 hours of

overtime she performed during the period from July 15, 2019 to August 1, 2019, plus

liquidated damages, reasonable attorney's fees, and the costs of this action.

74.     J. Mershon is entitled to $2,610 of overtime compensation for the 29 hours of overtime he performed during the period from July 15, 2019 to August 1, 2019, plus liquidated damages, reasonable attorney's fees, and the costs of this action.

75.     G. Mershon and J. Mershon are also entitled to overtime premiums (.5 times their regular rates of pay) for all of the hours they worked over 40 per week throughout their periods of employment.

76.     The Plaintiffs are not currently in possession of all of the records that would be necessary to determine the precise amount of overtime premiums that are due to them. To the best of their knowledge and recollection, the Plaintiffs currently estimate that G. Mershon worked at least 200 hours overtime and J. Mershon worked approximately 500 hours of overtime during the period in which they were employed by Lochert. As such, G. Mershon is owed at least $8,250.00 and J. Mershon is owed approximately $22,500.00 for unpaid overtime premiums. They are also owed liquidated damages doubling the amount of unpaid overtime premiums, reasonable attorney's fees and the costs of this action.

77.     Like the Plaintiffs, other Collective 1 Members were not compensated by Lochert for the hours they worked over 40 per week during the period from July 15, 2019 to August 1, 2019.

78.     Like G. Mershon and J. Mershon, other Collective 2 Members were paid their regular rates of pay for hours that they worked over 40 during the three years leading to this lawsuit.

79.     The Collective 1 Members who worked more than 40 hours during the period from July 15, 2019 to August 1, 2019 are entitled to back wages at one and one-half times their regular rates of pay, liquidated damages, reasonable attorney's fees and costs based on Lochert's violations of the FLSA. 29 U.S.C. § 216(b).

80.     In addition, the Collective 2 Members who were hourly employees and were paid their regular rates of pay for overtime hours they worked during the period from November 14, 2019 to the present are entitled overtime premiums of one-half times their regular rates of pay, liquidated damages, reasonable attorney's fees and costs based on Lochert's violations of the FLSA. *Id.*

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully ask the Court to find in their favor and against Defendant and in addition:

A. Issue a declaratory judgment condemning and finding unlawful the Defendant's violations of the FLSA;

B. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b), appoint Plaintiffs and their counsel as representatives of the Collective Members, and authorize notice of this action to be sent to the Collective Members;

C. Award Plaintiffs and the Collective Members unpaid minimum wages at the federal minimum wage, unpaid overtime, and unpaid overtime premiums;

D.  Award Plaintiffs and the Collective Members liquidated damages in an amount doubling all unpaid minimum wages, overtime compensation, and overtime premiums;

E.  Award Plaintiffs appropriate service awards for their time and efforts on behalf of the Collective Members in this action;

F.  Award Plaintiffs their reasonable attorney's fees and the costs of this action; and

G.  Grant any other and further relief to Plaintiffs and the Collective Members that the Court finds to be equitable and just.

Respectfully submitted,

ASHLEY COLEMAN,
GILLIAN MERSHON, and
JOHN MERSHON, individually and on
behalf of all others similarly situated

By:

*David H. Miller*
_____
David H. Miller, Esq.
Adam M. Harrison, Esq.
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DMiller@sawayalaw.com
AHarrison@sawayalaw.com

*Counsel for Plaintiffs*